# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JOAN TILTON,

      Plaintiff,

v.

MARY M. WOLLMERING, M.D., and
ST. MARY'S HOSPITAL & MEDICAL CENTER, INC.

      Defendants.

---

## COMPLAINT

---

Plaintiff, Joan Tilton, by and through her undersigned counsel, respectfully submits this Complaint against the Defendants, and alleges and avers as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Joan Tilton, is a resident of the State of Arizona.

2.     Defendant, Mary M. Wollmering, M.D. ("Defendant Wollmering"), is and was at all times relevant hereto, a physician and surgeon duly licensed to practice medicine in the State of Colorado, was formerly a citizen of Colorado, but is now licensed to practice, practicing, and residing in the State of Missouri.

3.     Defendant, St. Mary's Hospital & Medical Center, Inc. ("Defendant St. Mary's Hospital"), is and was at all times relevant hereto, a hospital, clinic, and/or health care facility duly organized, existing, and licensed under and by virtue of the laws of the State of Colorado and/or authorized to do business and doing business in the County of Mesa, Colorado.

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a), as this is an action between citizens of different States where the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

5.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(a)(2), as the events or omissions giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 5 of the Complaint.

7.     In or about 2004, Plaintiff consulted and engaged for compensation, the services of Defendants Wollmering and St. Mary's Hospital for the purposes of examination, consultation, evaluation, diagnosis, surgery, and post-operative care.

8.     On or about October 29, 2004, Plaintiff underwent a cardiac surgical procedure to replace her aortic valve, which was performed by Defendant Wollmering at Defendant St. Mary's Hospital facility.

9.     During the course of the surgery, Defendant Wollmering placed or directed the placement of what were termed temporary epicardial pacing wires ("EPWs") on Plaintiff's heart.

10.     The EPWs were not removed from Plaintiff's heart before surgery was completed and thus remain to this day inside Plaintiff.

11.     Prior to surgery, Defendant Wollmering failed to inform Plaintiff that the EPWs would be placed on her heart and that they would remain on or in her heart following the surgery.  Likewise, Defendant Wollmering failed to advise Plaintiff of the benefits and risks of the EPWs and thus failed to obtain Plaintiff's informed consent.

2

12.     Moreover, Defendant Wollmering also failed to inform Plaintiff following surgery that the EPWs remained on or in her heart, failed to inform Plaintiff of the benefits and risks of leaving the EPWs inside her versus the benefits and risks of their post-operative removal, and failed to inform Plaintiff of the need to have the EPWs monitored and the importance of advising her other medical and healthcare providers of their presence for any future medical treatment and procedures she may require.

13.     No other agent, employee, or representative of St. Mary's Hospital informed Plaintiff either before or after her surgery about the EPWs that were left inside her body.

14.     Plaintiff did not discover and confirm that the EPWs were left inside her heart until sometime between the months of February 2010 and August 2010.

15.     At all times relevant hereto, Defendant Wollmering was authorized to use the facilities of Defendant St. Mary's Hospital to perform surgical and other medical procedures.

16.     At all times relevant hereto, Defendant Wollmering was acting within the course and scope of her agency with Defendant St. Mary's Hospital.

## FIRST CLAIM FOR RELIEF
### (Medical Negligence)

17.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 16 of the Complaint.

18.     Defendants Wollmering and St. Mary's Hospital had a duty to Plaintiff to exercise the degree of care, knowledge, and skill ordinarily possessed and exercised by other physicians and surgeons, hospitals, clinics, nurses, attendants, and the like, engaged in said profession in the same or similar locality.

19.     In the course of the aforesaid examination, consultation, evaluation, diagnosis, surgical procedure, and post-operative care, Defendants Wollmering and St. Mary's negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians and surgeons, hospitals, clinics, nurses, attendants, and the like, engaged in said profession in the same or similar locality as the said Defendants.

20.     During the course of the aforesaid examination, consultation, evaluation, diagnosis, surgical procedure and post-operative care, Defendants Wollmering and St. Mary's failed to obtain the consent of Plaintiff to leave EPWs inside her. Furthermore, after leaving the EPWs inside Plaintiff, Defendants failed to inform Plaintiff that the EPWs had been left inside her and failed to record the retention of the EPWs in Plaintiff's chart.

21.     As a direct and proximate result of the Defendants' acts and omissions, Plaintiff sustained severe and disabling injuries to her person, in that among other things, the migration of one or more EPWs that pierced her heart through the atrium, all to Plaintiff's injury and damage in a sum within the jurisdiction of this Court and to be shown according to proof.

22.     By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that additional services of said nature will be required in the future by Plaintiff in an amount to be shown according to proof.

23.     By reason of the foregoing, Plaintiff is informed and believes, and upon such information and belief, alleges that she will be unable to work at her gainful employment for an

indefinite period in the future, all to Plaintiff's injury and damage in an amount to be shown according to proof.

## SECOND CLAIM FOR RELIEF
### (Medical Battery)

24.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 23 of the Complaint.

25.     Plaintiff alleges that the failure of Defendants Wollmering and St. Mary's Hospital to obtain Plaintiff's consent before surgery to leave the EPWs inside her was done willfully and intentionally. Furthermore, Plaintiff alleges that the failure of Defendants to inform Plaintiff that the EPWs had been left inside her following surgery was also willful and intentional. Plaintiff alleges that the failure of Defendants to record the retention of the EPWs in Plaintiff's chart was also done willfully and intentionally.

26.     Defendant Wollmering acted with willful disregard of Plaintiff's rights by intentionally failing to obtain Plaintiff's informed consent to leave the EPWs inside her, by intentionally failing to inform her that the EPWs had been left inside her, and by intentionally failing to record the retention of the EPWs in Plaintiff's chart.

27.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff sustained severe and disabling injuries to her person, all to Plaintiff's injury and damage in a sum within the jurisdiction of this court and to be shown according to proof.

28.     By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further

services of said nature will be required in the future by Plaintiff in an amount to be shown according to proof.

29.     By reason of the foregoing, Plaintiff is informed and believes, and upon such information and belief, alleges that she will be unable to work at her gainful employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

### THIRD CLAIM FOR RELIEF
#### (Fraudulent Concealment)

30.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 29 of the Complaint.

31.     Before the October 2004 surgery, Defendants Wollmering and St. Mary's Hospital concealed and failed to disclose the fact that EPWs would be placed on Plaintiff's heart during the surgery.

32.     Following the October 2004 surgery, Defendants Wollmering and St. Mary's Hospital continued to conceal and to fail to disclose the fact that EPWs remained inside Plaintiff, including their failure to record the retention of the EPWs in Plaintiff's medical chart and records.

33.     These concealed and undisclosed facts were known only to the Defendants and could not have been discovered or known by Plaintiff on her own without the assistance of medical professionals.

34.     The use and retention of the EPWs inside Plaintiff are and were critical facts concerning Plaintiff's long-term health and health care. They were also critical to Plaintiff's full

understanding of the risks and benefits going into the surgical procedure she underwent in October 2004.

35. Plaintiff did not know about the use of the EPWs or that EPWs remained inside her until they were confirmed on a CT scan following a completely unrelated and routine medical examination between February 2010 and August 2010.

36. The Defendants intentionally concealed and failed to disclose the use and retention of the EPWs inside Plaintiff so that Plaintiff would agree to the surgery and/or not demand that the EPWs be removed following the surgery.

37. Additionally or alternatively, the Defendants intentionally concealed and failed to disclose the use and retention of the EPWs inside Plaintiff based on a negligent, reckless, or otherwise improper belief that the retained EPWs posed no significant health risk to Plaintiff and that Plaintiff would never know or need to know about the EPWs left inside her. Defendants' aforesaid belief was misguided and in reckless disregard of Plaintiff's future health and right to know about the existence of any foreign objects inside her body for purposes of preventing and diagnosing future health problems.

38. Without knowledge that the EPWs would be left on or in her heart following surgery, Plaintiff agreed to undergo the operation, did not demand or otherwise seek advice regarding the removal of the EPWs following surgery, and did not know to advise her other health care providers that EPWs remained inside her for purposes of determining the best course of subsequent treatment.

39.    Plaintiff was justified in her actions and failure to act because she had absolutely no knowledge that the EPWs were left inside her until their independent discovery and confirmation nearly six years later in 2010.

40.    As a direct and proximate result of the Defendants' concealment and nondisclosure of critical material facts that directly impact and affect Plaintiff's medical condition and future medical treatment, Plaintiff sustained severe and disabling injuries to her person, all to Plaintiff's injury and damage in a sum within the jurisdiction of this court and to be shown according to proof.

41.    By reason of the foregoing, Plaintiff is informed and believes, and upon such information and belief, alleges that she will be unable to work at her gainful employment for an indefinite period in the future, all to Plaintiff's injury and damage in an amount to be shown according to proof.

## FOURTH CLAIM FOR RELIEF
### (Extreme and Outrageous Conduct - Intentional Infliction of Emotional Distress)

42.    Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 41 of the Complaint.

43.    The conduct of Defendants Wollmering and St. Mary's Hospital in doing the things herein alleged is extreme and outrageous. Defendants abused their position of authority as medical professionals and the physician-patient relationship, knowing that their conduct in concealing the retention of the EPW inside Plaintiff, when discovered by her, would likely result in harm due to mental and emotional distress.

44.     Defendants Wollmering and St. Mary's Hospital did the things alleged herein with a reckless disregard of the probability that Plaintiff would suffer mental and emotional distress when Plaintiff learned the EPW had been left inside her.

45.     The conduct of the Defendants was a substantial factor in causing Plaintiff to suffer severe emotional distress upon learning that Defendants had concealed the retention of the EPW inside her.

46.     As a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiff sustained severe and disabling injuries to her person, all to Plaintiff's injury and damage in a sum within the jurisdiction of this court and to be shown according to proof.

47.     By reason of the foregoing, Plaintiff is informed and believes, and upon such information and belief, alleges that she will be unable to work at her gainful employment for an indefinite period in the future, all to Plaintiff's injury and damage in an amount to be shown according to proof.

WHEREFORE, Plaintiff, Joan Tilton, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants, jointly and severally, as follows:

A.     Actual and compensatory damages in an amount to be proven;

B.     Amounts incurred and to be incurred by Plaintiff for services of hospitals, physicians, surgeons, nurses, and other medical supplies and services;

C.     Loss of income incurred and to be incurred by Plaintiff in an amount to be proven;

D.     Statutory interest; and

E. Costs, expenses, attorneys' fees, and such other and further relief that the Court deems proper and just.

Respectfully submitted this 13th day of July, 2011.

CLIFFORD BEEM & ASSOCIATES, P.C.

s/Clifford L. Beem
Clifford L. Beem
A. Mark Isley
730 - 17th Street, Suite 850
Denver, Colorado 80202
Ph: 303.894.8100
Fax: 303.894.8200
clbeem@beemlaw.net
amisley@beemlaw.net

and

Stanton T. Mathews
24012 Calle de la Plata, Suite 320
Laguna Hills, California 92653
Ph: 949.586.2235
Fax: 949.586.1806
stmathews@mfatriallawyers.com

*Co-counsel for Plaintiff*

Plaintiff's Address
10175 N. Elise Lane
Prescott Valley, AZ 86314